UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jason Tywann Bell, #21876-057, ) | C/A No. 4:18-3189-MGL-TER |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| M. Travis Bragg, ) | Report and Recommendation |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner is a federal prisoner in custody in South Carolina at FCI-Bennettsville. Petitioner was sentenced by the U.S. District Court, Middle District of North Carolina. He is seeking habeas relief under § 2241 and proceeding in this action *pro se*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge.

**STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, the petition is subject to summary dismissal.

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. Following the required initial review, it is recommended that the Petition submitted in this case should be dismissed.

## DISCUSSION

Petitioner alleges he pleaded guilty on June 6, 2003 to counts 1) 18 U.S.C. § 2113(a), "unarmed" bank robbery and (2) 18 U.S.C. § 924 (c)(1)(A), possessing a firearm in furtherance of a crime of violence. (ECF No. 1). Petitioner alleges his pre-sentencing report recommended him as a career offender under the residual clause of the United States Sentencing Guidelines § 4B1.1 and § 4B1.2. Petitioner was sentenced to 274 months. Petitioner cites to several cases he argues meet the *Wheeler* test and hold that his sentence and career offender designation are unconstitutional.

"[D]efendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). Petitioner cannot challenge his federal conviction and sentence under § 2241, unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see also Reyes–Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); In other words, as applied here, Petitioner's § 2241 action is barred unless he can demonstrate that

2

the relief available to him under § 2255 is inadequate or ineffective. Petitioner was unsuccessful in seeking relief under § 2255 in his petition in his sentencing court. However, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *See In re Vial*, 115 F.3d at 1194 n.5 (citations omitted).

Recently, the Fourth Circuit established a test for when a petitioner may meet the savings clause under § 2255 when he contests his sentence, not only his conviction. *U.S. v. Wheeler*, 886 F.3d 415 (4th Cir. 2018).[1] Section "2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect." *Id.* at 429.

Consideration of this issue is appropriate under § 1915 review because the § 2255 savings clause is a jurisdictional requirement and subject matter jurisdiction may be raised *sua sponte*. In the past, the Fourth Circuit has held that if a petitioner cannot meet the savings clause requirements then the § 2241 petition "must be dismissed for lack of jurisdiction." *Rice*, 617 F.3d at 807. In *Wheeler*, the Fourth Circuit again held that "the savings clause is a jurisdictional provision."

---

[1] On June 11, 2018, the Fourth Circuit denied the Petition for rehearing en banc. On June 18, 2018, the Motion to stay the mandate was denied. See docket for No. 16-6073, Fourth Circuit Court of Appeals. A petition for certiorari was filed in the United States Supreme Court on October 3, 2018.

3

*Wheeler*, 886 F.3d at 423.  Thus, an analysis of whether Petitioner meets the new four factor savings clause test created in *Wheeler* is set forth below.

Petitioner argues his sentence as a career offender under the sentencing guidelines under the residual clause has been deemed unconstitutional.  (ECF No. 1-2 at 6).  Petitioner cites to *Sessions v. Dimaya*, 138 S. Ct. 1204 (Apr. 17, 2018),  *Johnson v. U.S.*, 135 S. Ct. 2551 (2015), *Welch v United States*, 136 S. Ct. 1257 (2016), and *Beckles v. U.S.*, 137 S. Ct. 886 (Mar. 6, 2017).

Petitioner appears to be able to meet the first requirement that his sentence was legal at the time of sentencing.  As for the second factor, "subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review," Petitioner cannot meet the second element.  To the extent the *Dimaya* case changed the law, it did not decide Petitioner's § 924(c) issue.  The United States Supreme Court held in *Dimaya* that the residual clause definition of "crime of violence" as contained in the Immigration and Nationality Act's definition of aggravated felony violated due process as it was impermissibly vague.  *Dimaya*, 138 S. Ct. at 1210-11.  The definition of "crime of violence" referred to by the INA was contained in 18 U.S.C. § 16(b).

There are two reasons *Dimaya* does not support Petitioner's case under *Wheeler*.  First, no appellate court has held *Dimmaya* to be retroactively applicable to cases on collateral review.  *See, e.g., United States v. Ovallas*, 2018 WL 2209427 (11th Cir. May 15, 2018) (agreeing to rehear en banc an earlier ruling upholding § 924(c)(3)(B) in response to *Dimaya*); *Pollard v. United States*, 2018 WL 2247256, at *2 (S.D. Ga. May 16, 2018)(stating Dimaya has not been made retroactively available on collateral review); *but see United States v. Salas*, 889 F.3d 681, 687 (10th Cir. 2018) (invalidating a conviction under 18 U.S.C § 924(c)(3)(B) but not on collateral review).  Second,

4

while the language in § 16(b) is similar to § 924(c), *Dimaya* did not hold § 924(c) invalid and the question of whether the residual clause in § 924(c) is unconstitutionally vague is currently being considered by the Fourth Circuit. *See United States v. Simms*, No. 15-4640 (4th Cir. oral argument in September 2018); *United States v. Ali*, No.15-4433 (4th Cir. filed July 10, 2015) (same).

Petitioner has not demonstrated that he can meet the elements of *Wheeler* by using *Dimaya*.

Petitioner also argues that the cases *Johnson* and *Beckles* help him meet the *Wheeler* test. On June 26, 2015, the United States Supreme Court held in *Johnson v. U.S.*, 135 S. Ct. 2551 (2015), that the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B), violated the right to due process. *Johnson* did not affect 924(c). Also, *Beckles* found that the Guidelines were not subject to a vagueness challenge like the statute was. *Beckles v. U.S.*, 137 S. Ct. 886 (Mar. 6, 2017). The cases cited by Petitioner are not supportive of Petitioner meeting the elements of *Wheeler* in his particular factual circumstances.

Petitioner has not demonstrated that a motion filed pursuant to § 2255 is inadequate or ineffective to test the legality of his sentence thereby allowing him to file a § 2241 petition, under *Wheeler*. It is further noted that in the event pending decisions do find § 924(c) invalid, the Petition here should be dismissed without prejudice, thus allowing Petitioner to file another § 2241 petition in the event both the settled substantive law is changed with regard to § 924(c) and said law is found to apply retroactively on collateral review.

## **RECOMMENDATION**

Accordingly, it is recommended that the Petition be dismissed without prejudice[2] and without requiring the respondent to file a return.

IT IS SO ORDERED.

January 8, 2019
Florence, South Carolina

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

**Petitioner's attention is directed to the important notice on the next page.**

---

[2] *See Platts v. O'Brien*, 691 Fed. Appx. 774 (4th Cir. June 22, 2017) (*citing S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for ... [a] defect in subject matter jurisdiction[ ] must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).