

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JASON TYWANN BELL,<br>　　　　Petitioner,<br><br>vs.<br><br>M. TRAVIS BRAGG,<br>　　　　Respondent. | §<br>§<br>§<br>§<br>§　Civil Action No. 4:18-03189-MGL<br>§<br>§<br>§<br>§ |

**MEMORANDUM OPINION AND ORDER
TRANSFERRING PETITIONER'S PETITION**

## I.   INTRODUCTION

Pending before the Court is Petitioner Jason Tywann Bell's (Bell) habeas corpus petition under 28 U.S.C. § 2241.  In his petition, Bell seeks relief pursuant to *Johnson v. United States*, 576 U.S. 591 (2015).  This Court appointed Bell counsel, who filed a Supplemental Petition contending he is no longer a career offender, and under the tests outlined in *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), as applied in *Lester v. Flournoy*, 909 F.3d 708 (4th Cir. 2018), he is entitled to relief.

## II.   FACTUAL AND PROCEDURAL HISTORY

The United States District Court for the Middle District of North Carolina sentenced Bell for the offenses of bank robbery and carrying and using a firearm during a crime of violence.  Bell filed the instant Section 2241 petition while he was incarcerated at Federal Correctional Institution,

Bennettsville (FCI Bennettsville), located within the United States District Court for the District of South Carolina. Accordingly, this Court originally possessed jurisdiction to adjudicate Bell's claims asserted pursuant to 28 U.S.C. § 2241. However, Bell is no longer housed at FCI Bennettsville.

According to the Bureau of Prison's "Find an inmate" locator listing for Bell, which the Court takes judicial notice of as per Fed. R. Evid. 201, Bell is now incarcerated at USP Lee. *See Find an inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Feb. 5, 2021). USP Lee is located in Pennington Gap, Virginia. *See USP Lee*, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/lee (last visited Feb. 5, 2021). And, USP Lee and its warden are within the jurisdiction of the United States District Court for the Western District of Virginia (the WDVA). *Id*.

### III.  DISCUSSION AND ANALYSIS

"The federal habeas statute straightforwardly provides . . . the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). "The writ, or order to show cause shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243. "The consistent use of the definite article in reference to the custodian indicates . . . there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is 'the person' with the ability to produce the prisoner's body before the habeas court." *Rumsfeld*, 542 U.S. at 434–35 (quoting 28 U.S.C. § 2242).

Ascertaining the proper respondent is critical because "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be

2

unlawful custody." *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494–95 (1973). "The whole force of the writ is spent upon the respondent." *Id*. at 495 (citation omitted) (internal quotation marks omitted).

"District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld*, 542 U.S. at 442 (quoting 28 U.S.C. § 2241(a)). The Supreme Court has "interpreted this language to require 'nothing more than that the [C]ourt issuing the writ have jurisdiction over the custodian.'" *Id.* (quoting *Braden*, 410 U.S. at 495). "[T]he custodian's absence from the territorial jurisdiction of the district court is fatal to habeas jurisdiction." *Id*. at 445.

As the Court noted above, Bell and his custodian are located in the WDVA. But, the Court does not have jurisdiction over that custodian. Consequently, the Court concludes the instant petition must be transferred to the WDVA.

Bell, citing an unpublished Fourth Circuit opinion, *Sweat v. White*, No. 87-6080, 1987 WL 44445 (4th Cir. Sept. 23, 1987), argues despite Bell's transfer to the WDVA, "this Court retains jurisdiction over [his] case and continued venue is proper here." Bell's Resp. to Resp't Mot. to Dismiss at 1. The Court finds Bell's argument unpersuasive, as the Court in *Sweat* did not have the benefit of *Rumsfeld* in 1987. *Rumsfeld*, decided in 2004, squarely addressed the requirement the adjudicating Court in a habeas petition have jurisdiction over a custodian that has legal authority to effectuate a prisoner's release. *See Rumsfeld*, 542 U.S. at 445 ("[T]he custodian's absence from the territorial jurisdiction of the district court is fatal to habeas jurisdiction.").

In sum, because this Court lacks jurisdiction over Bell's custodian, USP Lee's warden, this Court has no authority to entertain his petition. Thus, this action must be transferred to the WDVA.

3

## IV. CONCLUSION

This case is **TRANSFERRED** to the WDVA for further proceedings. Additionally, appointed counsel, Emily Deck Harrill of the Federal Public Defender's Office, is hereby relieved as counsel from this case; and any pending motions are **RENDERED AS MOOT.**

**IT IS SO ORDERED.**

Signed this 16th day of February 2021, in Columbia, South Carolina.

                                                s/ Mary Geiger Lewis
                                                MARY GEIGER LEWIS
                                                UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

!